EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JENNIFER RESNIK (Cal. Bar No. 233634)                          JS-6
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6595
    Facsimile: (213) 894-7177
    E-mail:    Jennifer.Resnik@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 14-08666-JFW (PLAx) |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| REAL PROPERTY LOCATED IN CALABASAS, CALIFORNIA AND REAL PROPERTY LOCATED IN TOLUCA LAKE, CALIFORNIA, | |
| Defendants. | |

    Plaintiff United States of America and claimant Sarah Anderson-Caukin have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.  Claimants Marvin J. Caukin, Sarah Anderson-Caukin and CRCS Limited Partnership (collectively "Claimants") filed the only claims to the defendant real properties located in Calabasas, California (the "defendant

1

Calabasas property") and Toluca Lake, California (the "defendant Toluca Lake property") (collectively, the "defendant properties"), more particularly described below.  No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

A.   The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.  Other than those filed by Marvin J. Caukin, Sarah Anderson-Caukin and CRCS Limited Partnership, no claims or answers have been filed to contest the forfeiture of the defendant properties, and the time for filing claims and answers has expired.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355 and over the parties hereto.  All potential claimants to the defendant properties other than Claimant Sarah Anderson-Caukin are deemed to have admitted the allegations of the Complaint.  A partial Consent Judgment of Forfeiture was entered on January 22, 2015, forfeiting the interests of Marvin J. Caukin and CRCS Limited Partnership in the defendant properties.

B.   The United States of America shall have judgment as to Claimant Sarah Anderson-Caukin's interest in the defendant properties, subject to the previously recorded interest of The Rama Fund, LLC in the defendant Calabasas property (Instrument Number 20131271145), and no other person or entity shall have any right,

1 title or interest therein.  The legal description of the defendant
2 Calabasas property is as follows:
3     Lot 12 of Tract No. 44352, in the City of Calabasas, County
    of Los Angeles, State of California, as per Map recorded in
4     Book 1109, pages 33 to 42 inclusive of Maps, in the Office
    of the County Recorder of said County.  Except from that
5     portion of said land described in deed recorded May 18,
    1966 as Instrument No. 737, of official records, all oil,
6     gas, petroleum and other minerals or hydrocarbon substances
    in and under said land, together with the right to use that
7     portion only of said land which underlies a plane parallel
    to and 500 feet below the present surface of said land, for
8     the purpose of prospecting for, developing and/or
    extracting said oil, gas, petroleum and other minerals or
9     hydrocarbon substances from said land by means of wells
    drilled into said subsurface of said land by means of wells
10     drilled into said subsurface of said land from drill sites,
    located on other land, it being expressly understood and
11     agreed that said grantor, his successors and assigns, shall
    have no right to enter upon the surface of said land, or to
12     use said land or any portion thereof to said depth of 500
    feet for any purpose whatsoever, as reserved by Wendell R.
13     Dickmann, a single man and E.E. Seagren and Bernice
    Seagren, husband and wife, in deed recorded May 18, 1966 as
14     Instrument No. 737 in Book D3307, Page 926, of official
    records.  Assessor Parcel Number 2069-067-012.
15
16 The legal description of the defendant Toluca Lake property is as
follows:
17
18     Lot 73 of Tract No. 9491 in the City of Los Angeles, as per
    Map recorded in Book 133, Pages 92 and 93 of Maps, in the
    Office of the County Recorder of Los Angeles County,
19     California. Assessor Parcel Number 2424-006-009.
20     C.    The proceeds of the sale of the defendant Calabasas
21 property shall be distributed as follows:
22     a.    First, payment of all outstanding real property taxes
23 to the Los Angeles County Tax Collector to the date of closing of
24 escrow;
25     b.    Second, payment of all costs of escrow and sale,
26 including real estate sales commissions and applicable fees triggered
27 by the sale of the defendant property;
28

3

       c.   Third, to the extent funds remain (the "net proceeds"), payment to any secured lienholders whose security interests were recorded prior to recording of the United States of America's lis pendens in this action, including, but not limited to, The Rama Fund, LLC;

       d.   Fourth, to the extent net proceeds remain, $10,000.00 shall be paid to Claimant Sarah Anderson-Caukin, who shall provide payment instructions directly to the escrow company handling the sale of the defendant Calabasas property;

       e.   Fifth, any and all remaining net proceeds shall be paid to the United States of America.  The United States of America shall dispose of such funds in accordance with law.

   D.   The proceeds of the sale of the defendant Toluca Lake property shall be distributed as follows:

       a.   First, payment of all outstanding real property taxes to the Los Angeles County Tax Collector to the date of closing of escrow;

       b.   Second, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the defendant property;

       c.   Third, to the extent funds remain (the "net proceeds"), payment to any secured lienholders whose security interests were recorded prior to recording of the United States of America's lis pendens in this action;

       d.   Fourth, any and all remaining net proceeds shall be paid to the United States of America.  The United States of America shall dispose of such funds in accordance with law.

    E.   Claimant Sarah Anderson-Caukin, along with her two children, may reside in the defendant Calabasas property until escrow is opened for purposes of selling that property. At the time that escrow opens on the defendant Calabasas property, the United States Marshals Service ("USMS") shall notify Claimant Sarah Anderson-Caukin and she will have 30 days from the date of notice to vacate the premises. While Claimant Sarah Anderson-Caukin remains in the defendant Calabasas property, she will not take any action to negatively affect the marketability of the property, and will maintain it in substantially the same condition as it was on the date this agreement is executed by Claimant, including without limitation, maintenance of the yard and pool. Claimant Sarah Anderson-Caukin shall maintain appropriate policies of insurance on the defendant Calabasas property until she vacates the property, including policies covering potential liability for personal injury or property damage occurring on or around the defendant Calabasas property. Claimant shall not commit waste of the defendant Calabasas property or permit the property to be used or occupied in any manner which would diminish the value of the property or invalidate any insurance policy on the property. While Claimant Sarah Anderson-Caukin remains in the defendant Calabasas property, she shall grant the USMS and its contractors access to the defendant Calabasas property between the hours of 8:00 a.m. and 5:00 p.m. if she is provided with 24 hours notice. Notice may be provided by phone or email. Any violations of the provisions of this paragraph may result in an adjustment of the payment in paragraph E(d).

    F.   Claimant Sarah Anderson-Caukin has released the United

States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation and the United States Postal Service, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of Claimant Sarah Anderson-Caukin, whether pursuant to 28 U.S.C. § 2465 or otherwise.  Nothing in this consent judgment is intended as, nor should anything in this consent judgment be interpreted as an admission by Claimant Sarah Anderson-Caukin of any liability or wrongdoing.

     G.   The court finds that there was reasonable cause for the institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: _August 14, 2015_____
_____
                                         THE HONORABLE JOHN F. WALTER
                                         UNITED STATES DISTRICT JUDGE

PRESENTED BY:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

___/s/_____
JENNIFER RESNIK
Assistant United States Attorney

Attorneys for Plaintiff
United States of America